LYLE F. TRAXLER,

        Plaintiff,

        v.                                      Case No. 22-cv-0760-bhl

BRIAN SHERTZ, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Lyle Traxler, who is serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. §1983. On November 29, 2022, Defendant Jodi Fryczynski moved for summary judgment on the ground that Traxler failed to exhaust the available administrative remedies as to his claim against her before initiating this lawsuit. Dkt. No. 37. A few days later, on December 2, 2022, Defendants Robert Ahlborg, Dixie Berres, Ashley Haseleu, Jennifer Kacyon, Jesse Laning, Donna Larson, Mary Moore, Brian Taplin, and Robert Weinman (the State Defendants) moved for summary judgment on the same grounds.[1] Dkt. Nos. 42, 45. For the reasons explained in this decision, the Court will grant Fryczynski's motion and will also grant the State Defendants' motion as to all State Defendants other than Moore and Weinman.

---

[1] Traxler is also proceeding on deliberate indifference claims against Defendant Eric Nelson and Defendant Brian Shertz. Shertz returned a waiver of service to the marshals on October 7, 2022, Dkt. No. 23, but he has not responded to Traxler's complaint. On December 27, 2022, pursuant to Fed. R. Civ. P. 55(a), Traxler showed that Shertz had failed to respond to the complaint. Traxler moved for entry of default judgment on January 3, 2023. That motion is still pending.

# BACKGROUND

At the relevant time, Traxler was confined at the Waupun Correctional Institution. He is proceeding on deliberate indifference claims based on allegations that his leg wound was inadequately treated, resulting in the eventual amputation of his leg below the knee. Moore allegedly delayed sending him to a wound care clinic in late 2020 and again in July 2021 and failed to follow discharge instructions regarding the administration of antibiotics; Haseleu, Taplin, Berres, Laning, Kacyon, Larson, Ahlborg, and Fryczynski allegedly failed to provide him with pain medication when they changed his bandages; and Weinman allegedly failed to intervene despite knowing that health services staff were not complying with discharge instructions regarding his care. Dkt. No. 44 at ¶¶1-4; Dkt. No. 38 at ¶5.

Traxler submitted an inmate complaint on December 29, 2021, in which he identified a single issue concerning his having "had to have [his] right leg cut/removed to the knee because of WCI negligence and malpractice." Dkt. No. 46-2 at 14. In describing the details giving rise to his inmate complaint, Traxler noted that he "began having problems with [his] right leg around October of 2020" and that he "had been trying to get proper care all the way up to October 2021." *Id.* Traxler explained that he had "not been able to draft this ICE until [December 29, 2021] because of the major nerve pain." *Id.*

On January 26, 2022, the institution complaint examiner (ICE) recommended Traxler's inmate complaint be dismissed. Dkt. No. 46-2 at 2-4. The ICE discussed Traxler's inmate complaint with Weinman, the health services manager, who provided the ICE with a detailed history of the treatment Traxler received beginning in October 2020. *Id.* On January 29, 2022, the reviewing authority agreed with the ICE's recommendation and dismissed the inmate complaint. Dkt No. 46-2 at 5. More than three months later, on May 12, 2022, Traxler submitted

2

an inmate complaint appeal. *Id.* at 15. Less than a week later, on May 19, 2022, the corrections complaint examiner (CCE) noted that the institution had responded to the complaint and that it had been reviewed by the BHS nursing coordinator. *Id.* at 12. The CCE recommended dismissing the appeal on the merits; that recommendation was adopted by the Secretary on May 24, 2022. *Id.*

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Traxler was a prisoner when he initiated this lawsuit, provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(1). According to the U.S. Supreme Court, exhaustion of administrative remedies must be

3

done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must pursue each step in the administrative process. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Requiring inmates to exhaust administrative remedies allows institutions "to address complaints about the program it administers before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

In Wisconsin, to exhaust available administrative remedies, an inmate must file an inmate complaint through the inmate complaint review system, as outlined in Wis. Admin. Code DOC 310. Each inmate complaint must contain only one clearly identified issue. Dkt. No. 44 at ¶8. Under DOC 310.07(2) an inmate must file an inmate complaint within 14 calendar days after the event giving rise to the inmate complaint. *Id.* at ¶7. And, under DOC 310.12, an inmate who is dissatisfied with the decision, may appeal the decision within 14 days. Inmate complaints and appeals that are submitted outside that 14-day window may be accepted for good cause. DOC 310.07(2), 310.12(6). "Failure to comply with administrative deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "In that instance the grievance has served its function of inviting prison administrators to take corrective action, and thus the administrative exhaustion requirement has been satisfied." *Id.*

Defendants assert that Traxler's claims against them must be dismissed because he did not file any inmate complaints about his claims that (1) Moore delayed sending him to the wound care clinic in late-2020 and mid-2021 and failed to comply with the instructions to administer IV

4

antibiotics; (2) Weinman did not intervene to enforce discharge instructions with health services staff; or (3) the remaining Defendants did not give Traxler pain medication when they changed his bandages. Traxler asserts that Defendants' motions must be denied because the issue he identified in his inmate complaint, *i.e.*, that his leg had to be amputated because of the care he received at Waupun, was general enough to put the institution on notice of the claims he raises in his lawsuit.

Defendants have not discharged their burden of showing that Traxler failed to exhaust the available administrative remedies as to his claims against Moore and Weinman regarding the quality of the care he received and whether the alleged inadequacy of that care resulted in his leg having to be amputated. In his inmate complaint, Traxler explains that he began to receive care in October 2020 and that he had been trying to "get proper care all the way up until October 2021." Dkt. No. 46-2 at 14. He notes that as a result of the care he received (or did not receive) during that time, his leg had to be "cut/removed to the knee." *Id.* Traxler did not identify specific treatment or specific providers because he sought to complain about the totality of the care he received, which is broad enough to encompass his claims against Moore and Weinman. It is clear from the general summary of Traxler's care in the ICE's recommendation that she broadly construed Traxler's inmate complaint to be about the treatment he received beginning in October 2020 through October 2021. After summarizing his care, she concluded, "[t]hough Mr. Traxler says he was denied appropriate care, it is clear from the record that no such denial has taken place. He was continually seen by medical staff concerning his problems while at [Waupun], and there is no reason to believe his needs were not being met." Dkt. No. 46-2 at 4.

While DOC 310.07(2) requires that an inmate complaint be filed within 14 days after the occurrence giving rise to the complaint and while DOC 310.04(5) states that each complaint may contain only one clearly identified issue, DOC 310.07(11) allows an ICE to "waive any

5

requirements under this section for good cause." The ICE could have recommended dismissal of Traxler's inmate complaint because he raised concerns about treatment that he received more than a year before he filed his inmate complaint, or she could have recommended dismissal because, instead of identifying a single issue, Traxler generally complained about countless treatment decisions by multiple providers over the course of a year. But the ICE did not recommend dismissal on these bases. Instead, she reached the merits of Traxler's arguably late and arguably overbroad inmate complaint, and in doing so, the Defendants have waived any argument they may have had regarding the procedural deficiencies in Traxler's inmate complaint. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) ("Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense.") Given that Traxler's broadly worded inmate complaint was sufficient to give the institution notice that he was complaining about the care that allegedly contributed to his leg having to be amputated, Moore and Weinman have failed to show that Traxler did not exhaust the administrative remedies with regard to his claims against them before he filed this lawsuit.

The record compels a different conclusion with regard to Traxler's claims against Haseleu, Taplin, Berres, Laning, Kacyon, Larson, Ahlborg, and Fryczynski. Traxler's claims against these Defendants do not relate to treatment decisions that contributed to his leg amputation, but rather concern claims of deliberate indifference to his pain based on their refusal to give him pain medication when they changed his bandages. The Seventh Circuit has explained that "an inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (internal punctuation omitted). Traxler mentions nothing about pain management in his inmate

6

complaint, so while the inmate complaint placed the institution on notice of Traxler's concerns about the adequacy of the care he received, it did *not* place the institution on notice that he was dissatisfied with how his pain was managed. Traxler highlights that he raised his concerns about pain management in his appeal, *see* Dkt. No. 46-2 at 15, but an inmate cannot exhaust claims by raising an issue for the first time on appeal. *See Harris v. Iverson*, 751 F. App'x 945, 947 (7th Cir. 2019) (concluding inmate did not properly use the grievance system because his identification of the problem occurred only at the appeal stage). Because Traxler did not provide notice to the prison that he was seeking redress for inadequate pain management, he failed to exhaust the available administrative remedies as to those claims and those claims must be dismissed.

Because Traxler's claims against Moore and Weinman have survived summary judgment on exhaustion grounds, the Court will grant their request that they be allowed thirty days from the date of this decision to respond to any pending discovery requests. *See* Dkt. No. 59. The discovery deadline remains **April 3, 2023**, and the dispositive motion deadline remains **May 3, 2023**, *see* Dkt. No. 22. If the parties believe they need more time to complete discovery, they may file a motion explaining why they need more time and how much additional time they believe they need.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Jodi Fryczynski's motion for summary judgment on exhaustion grounds (Dkt. No. 37) is **GRANTED**. Traxler's claim against her is **DISMISSED without prejudice** based on his failure to exhaust the available administrative remedies as to that claim before he initiated this lawsuit.

**IT IS FURTHER ORDERED** that the State Defendants' motion for summary judgment on exhaustion grounds (Dkt. No. 42) is **DENIED as moot**, and their amended motion for summary

judgment on exhaustion grounds (Dkt. No. 45) is **DENIED in part** and **GRANTED in part**. Traxler's claims against Robert Ahlborg, Dixie Berres, Ashley Haseleu, Jennifer Kacyon, Jesse Laning, Donna Larson, and Brian Taplin are **DISMISSED without prejudice** based on his failure to exhaust the available administrative remedies as to those claims before he initiated this lawsuit.

    **IT IS FURTHER ORDERED** that Moore and Weinman must respond to any pending discovery requests within thirty days of entry of this decision.

    Dated at Milwaukee, Wisconsin on January 31, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
