UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LYLE F. TRAXLER,

                Plaintiff,

v.                                                                   Case No. 22-cv-0760-bhl

BRIAN SCHERTZ, et al.,

                Defendants.

## DECISION AND ORDER

Plaintiff Lyle F. Traxler, who is representing himself, filed a complaint under 42 U.S.C. §1983. On August 3, 2022, the Court screened the complaint and allowed Traxler to proceed, in part, on a deliberate indifference claim against Defendant Brian Schertz. Dkt. No. 8. On August 25, 2022, the Court transmitted a service packet and Traxler's complaint to the U.S. Marshals Service for service upon Schertz. Dkt. No. 12. The marshals filed Schertz's executed waiver of service form on October 7, 2022, the same day they received it. Dkt. No. 23.

The waiver states, in part, that the undersigned "understand[s] that [he] . . . must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent . . . ." *Id.* The marshals did not fill in the blank on the form, so the date by which Schertz was to respond to the complaint was not clear. *At the latest*, Schertz's response to the complaint was due December 6, 2023—sixty days from the day the marshals received Schertz's executed waiver. Schertz did not file his response by the deadline, so on December 27, 2023, pursuant to Fed. R. Civ. P. 55(a), Traxler filed a declaration showing that Schertz had failed to timely respond to his complaint, and about a week later, Traxler filed a motion for default

judgment. Dkt Nos. 50, 57. The Clerk entered defaulted as to Schertz on January 31, 2023. Traxler's motion for the entry of default judgment is still pending.

Less than two weeks later, on February 13, 2023, Schertz filed a motion to vacate the entry of default. Dkt. No. 70. Schertz explains that immediately after receiving the complaint, he called the Director of Operations for his employer and left her a voicemail informing her that he had been named as a Defendant in a lawsuit. He also emailed her a copy of the complaint. The Director called him back and told him the matter would be sent to appropriate personnel and handled. Schertz explains that, at that point, he understood that his employer would take care of all necessary steps to handle the lawsuit. Accordingly, Schertz explains he was "shocked" when, on February 4, 2023, he received notice from the Court that the Clerk had entered default on January 31, 2023. Schertz asserts that he immediately contacted the Director who had assured him the lawsuit would be handled. After looking into it, the Director informed Schertz that the complaint had been forwarded to the employer's insurance agent with the understanding that counsel would be retained, but she learned that coverage had been denied and counsel had not been retained. Schertz filed his motion to vacate the default along with his supporting declaration on February 13, 2023, less than a week after he received notice of the entry of default. Dkt. No. 71.

Rule 55(c) of the Federal Rules of Civil Procedure allows a court to set aside an entry of default for good cause. The Seventh Circuit has explained that for a court to vacate an entry of default "the moving party must show: (1) good cause for default; (2) quick action to correct it and (3) meritorious defense to plaintiff's complaint." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). Because Schertz has made all three showings, the Court will grant his motion to vacate the entry of default.

First, Schertz, who has no experience in legal matters, has shown good cause for his failure to timely answer by explaining that he reasonably believed he had taken the necessary steps to ensure the lawsuit would be handled. The Court is satisfied that Schertz's failure to respond was not willful, but merely inadvertent. *See Cracco v. Vitran Exp., Inc.*, 555 F.3d 625, 631 (7th Cir. 2009) (concluding that the defendant had shown cause for the lateness of its answer because it did not willfully ignore the lawsuit but failed to respond only through inadvertence). Next, Schertz took quick corrective action by filing his motion to vacate the default within a week of learning about the entry of default. And, finally, Shertz has shown he has a meritorious defense by highlighting that the Court recently granted summary judgment to the other nurse defendants on the ground that Traxler failed to exhaust the available administrative remedies before suing them and explaining that the same defense (as well as others) applies to him.

Therefore, the Court will grant Schertz's motion to vacate the entry of default and will deny Traxler's motion for entry of default judgment.

**IT IS THEREFORE ORDERED** that Schertz's motion to vacate the entry of default (Dkt. No. 70) is **GRANTED**. The Clerk's January 31, 2023 entry of default is **VACATED**.

**IT IS FURTHER ORDERED** that Traxler's motion for default judgment (Dkt. No. 57) is **DENIED**.

**IT IS FURTHER ORDERED** that Schertz must respond to Traxler's complaint or file a motion for summary judgment on exhaustion grounds by **March 23, 2023**.

Dated at Milwaukee, Wisconsin on February 21, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
