LYLE F. TRAXLER,

       Plaintiff,

v.                  Case No. 22-cv-0760-bhl

MARY MOORE, et al.,

       Defendants.

## DECISION AND ORDER

  Plaintiff Lyle Traxler is representing himself in this 42 U.S.C. §1983 case. He is proceeding on claims that Defendants were deliberately indifferent to a leg wound, which ultimately led to his lower leg being amputated. On June 5, 2023, Defendant Dr. Eric Nelson moved for summary judgment, and Defendants Mary Moore and Robert Weinman separately moved for summary judgment. On July 7, 2023, the Court granted Traxler's motion to appoint counsel. The Court acknowledged that Traxler appeared to have made sufficient efforts to find a lawyer without the Court's help.[1] The Court also noted that, given the difficulty of the case, he did not appear capable of litigating it himself. Dkt. No. 107 at 2 (citing *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021)). Specifically, the Court observed that Traxler has a complicated medical history and received extensive care for his condition. That, combined with Traxler's assertion that he had relied on jailhouse lawyers to prepare his filings, led the Court to conclude that responding to two motions on summary judgment about the adequacy of the care he had received would be difficult for him to do without the assistance of counsel. *Id.*

---

[1] Traxler recently informed the Court that he has contacted fourteen lawyers in an effort to secure counsel, but none have agreed to represent him. Dkt. No. 111.

As the Court explained when it granted Traxler's motion, "a district court may recruit an attorney to represent any person unable to afford counsel." *Wilborn v. Ealy*, 881 F.3d 998, 1008 (7th Cir. 2018). But, as the Seventh Circuit has highlighted, 28 U.S.C. §1915(e)(1) does not create a right to counsel in civil cases. *Dupree v. Hardy*, 859 F.3d 458, 462 (7th Cir. 2017). And the fact that "a court decides to recruit a volunteer does not create a right either. Nor does it mean that the court has an indefinite commitment to search until a volunteer is found." *Id.* The Court cannot actually "appoint" counsel in civil cases; it must "rely on the generosity of lawyers to volunteer their time and skill on behalf of indigent civil parties." *Id.* (quoting *Mallard v. United States Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989)). Sometimes, despite its best efforts, it is not possible for the Court to locate a lawyer willing to volunteer. Given the limited number of lawyers willing and able to volunteer for these types of cases, "[t]here are limits to what a court must do after deciding to recruit counsel." *Id.*

The Court has made numerous efforts over the last nine months to locate a lawyer willing to represent Traxler on a volunteer basis. Every month, nearly one thousand lawyers in the Milwaukee area have been emailed a summary of the Court's pro bono opportunities. While many lawyers have volunteered for cases summarized in those emails, no lawyer has agreed to take Traxler's case. In addition, in November 2023, the Eastern District of Wisconsin Bar Association featured this case in its newsletter as an available pro bono opportunity. The article also failed to generate any interest. More recently, the Court hosted the pro bono coordinators from several local law firms to impress upon them the Court's need for volunteer lawyers. The Court informed them of the cases for which the Court was currently recruiting, including this case. Although multiple firms volunteered for some of the available cases, none expressed interest in this case.

Finally, the Court personally reached out and asked a lawyer to assist with responding to Defendants' summary judgment motions. The Court's request was declined.

The Court's extensive efforts to find a lawyer willing to represent Traxler have all failed, and the Court has no reason to believe that future efforts would be more successful. Accordingly, the Court will require Traxler to respond to Defendants' motions for summary judgment on his own. *See, e.g., Wilborn*, 881 F.3d at 1008 (holding that contacting 400 lawyers over eighteen months was "more than enough to satisfy any duty to the indigent plaintiff"); *Ajala v. Univ. of Wisconsin Hosp. and Clinics*, 836 F. App'x 447, 454 (7th Cir. 2020) (holding no abuse of discretion in requiring plaintiff to proceed pro se after the court "had exhausted its resources" and was unable to find a lawyer willing to represent plaintiff).

As noted in the Court's July 7, 2023 decision, Traxler understands his claim and, prior to Defendants moving for summary judgment, had effectively advocated for himself. His filings have been clear, straightforward, and well organized. Also, the Court reminds Traxler that summary judgment rises or falls on whether there is a genuine dispute of material fact. The Court is familiar with the law and does not require Traxler to explain the legal basis of his claims so much as to indicate which facts asserted by Defendants are in dispute. Traxler knows the facts of his case and he may reference his medical records to help refresh his memory, so the Court is confident he can identify the facts asserted by Defendants that he disputes. With the foregoing in mind, the Court concludes that Traxler is able to respond to Defendants' summary judgment motions on his own.

To assist Traxler, the Court will allow him sixty days (rather than thirty days) to respond to Defendants' motions. Also, in responding to Defendants' proposed findings of fact, Traxler does not have to reproduce each numbered paragraph in full as required by Civil L. R.

3

56(b)(2)(B)(i); he may simply state the paragraph number followed by his response. The Court reminds Traxler that he must respond to each of the proposed findings of fact by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact. If he does not indicate one way or the other, the Court will assume that he does not dispute the proposed fact and will accept the fact as true. Traxler must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on admissible documents that he attaches to his response or by telling the Court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746. Traxler must also respond to the legal arguments in the briefs.

**IT IS THEREFORE ORDERED** if by **June 28, 2024**, Traxler does not respond to Defendants' summary judgment motions, the Court will accept all facts asserted by Defendants as undisputed and will decide the motions without Traxler's input.

Dated at Milwaukee, Wisconsin on April 29, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge