UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LYLE F. TRAXLER,

        Plaintiff,

        v.                                          Case No. 22-cv-0760-bhl

MARY MOORE, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Lyle Traxler represented himself through summary judgment in this 42 U.S.C. §1983 case.[1] On October 29, 2024, the Court granted Defendant Dr. Eric Nelson's motion for summary judgment and denied Mary Moore and Robert Weinman's motion for summary judgment. Dkt. No. 150. On November 25, 2024, Traxler filed a motion for reconsideration under Fed. R. Civ. P. 59(e). Dkt. No. 153. The Court will deny the motion.

Under Rule 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted). A manifest error of law "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.2d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

---

[1] On November 20, 2024, the Court recruited Attorney Alan C. Olson to represent Traxler at trial on the claims that survived summary judgment.

Traxler does not present newly discovered evidence or identify a manifest error of law. Instead, he explains why he disagrees with how the Court applied the law to his claim against Dr. Nelson. Because it is well settled that a party's disagreement with the Court's analysis is not a sufficient basis for granting a Rule 59(e) motion, the Court will deny the motion.

Traxler makes much of the fact that the Court required him to respond to Dr. Nelson's motion without the assistance of counsel, but as Traxler is aware, the Court did so only after making extensive efforts over the course of nine months to find a lawyer willing to represent him. As the Court explained, its many efforts were unsuccessful. *See* Dkt. No. 114. Sometimes, despite its best efforts, it is not possible for the Court to locate a lawyer willing to volunteer. And given the limited number of lawyers willing and able to volunteer, "[t]here are limits to what a court must do after deciding to recruit counsel." *Dupree v. Hardy*, 859 F.3d 458, 462 (7th Cir. 2017).

Traxler also argues that the Court held him to a higher pleading standard than Fed. R. Civ. P. 8 requires, but this argument is misplaced. While it is true that at the pleading stage general allegations may suffice to state a claim, in response to a summary judgment motion, a "plaintiff can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The fact that Traxler represented himself does not relieve him of this requirement.

Finally, in a letter to the Court, Traxler indicated that, in the event the Court denies his motion for reconsideration, he intends to appeal the Court's decision to grant Dr. Nelson's motion for summary judgment. The Court reminds Traxler that, pursuant to 28 U.S.C. §1291, the appellate court has jurisdiction only over *final* decisions of the district court. An order that grants summary judgment for some but not all defendants is not final and therefore is not immediately appealable. *See Massey Ferguson Div. of Varity Corp. v. Gurley*, 51 F.3d 102, 105 (7th Cir. 1995) ("Not until

*all* of the elements of a case have been wrapped up is there a final judgment[.]"). If Traxler is unsure how to proceed, he is encouraged to discuss his questions with his attorney.

**IT IS THEREFORE ORDERED** that Traxler's motion for reconsideration (Dkt. No. 153) is **DENIED**. The clerk's office is directed to mail a copy of this decision to Traxler.

Dated at Milwaukee, Wisconsin on December 13, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge